[Cite as *Ravine Run, L.L.C. v. Riverbend Homeowner's Assn., Inc.*, 2026-Ohio-2629.]

## IN THE OHIO COURT OF APPEALS
## FIFTH APPELLATE DISTRICT
## DELAWARE COUNTY, OHIO

| | |
|---|---|
| RAVINE RUN, LLC | Case No. 25 CAE 11 0103 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 25 CV H O6 0663 |
| RIVER BEND HOMEOWNER'S ASSOCIATION, INC. | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 9, 2026 |

**BEFORE:** Andrew J. King; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** JOHN W. HILL, JR., RICHARD T. CRAVEN, GAIL C. HERSH, JR., JAMES E. SHIELDS, for Plaintiff-Appellee; W. BLAIR LEWIS, for Defendant-Appellant.


*King, P.J.*

{¶ 1}   Defendant-Appellant, River Bend Homeowner's Association, Inc., appeals the October 24, 2025 judgment entry of the Delaware County Common Pleas Court granting the motion to disqualify counsel filed by Plaintiff-Appellee, Ravine Run, LLC.   We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 23, 2025, Ravine Run filed a complaint against River Bend for declaratory judgment, injunction, and money damages.   The dispute centers on private roads owned by River Bend in a subdivision.   A portion of the private roads permit ingress and egress to an adjacent subdivision owned by Ravine Run.   The action sought to compel River Bend to recognize and not obstruct Ravine Run's use of the ingress/egress easement across

the private roads so Ravine Run could access its property. The issue involves gate access to use the private roads which is opened with a code and fees to use the code.

{¶ 3} On July 21, 2025, River Bend filed an answer and counterclaim for declaratory judgment related to the private roads and unjust enrichment. Counsel for River Bend was Michael W. Currie, Esq.

{¶ 4} On September 30, 2025, Ravine Run filed a motion to disqualify Attorney Currie as counsel for River Bend. Ravine Run is owned 50% by Cugini and Capoccia Builders, Inc. ("CCBI"). Paul Cugini is the sole shareholder of CCBI and the president of Ravine Run. Attorney Currie previously represented a legal entity named River Run of Powell LLC; this entity was owned in part by CCBI and Cugini. Attorney Currie filed the complaint in that case fourteen years prior and the matter was concluded nine years ago. The issue in that case centered on a private gated infrastructure installed by CCBI for its River Run subdivision and the "use" of that infrastructure by another developer of an adjacent subdivision. Ravine Run argued Cugini disclosed private and confidential information to Attorney Currie that could now be used against him in this action; it cited Prof.Cond.R. 1.9 (Duties to Former Clients) in support. Ravine Run also alleged Attorney Currie was not registered to practice law in Ohio. By judgment entry filed October 24, 2025, the trial court granted the motion. The trial court found that the use of confidential information against Ravine Run in the current dispute demonstrated the need to disqualify counsel; it also found the registration issue was resolved.

{¶ 5} River Bend filed an appeal with the following assignment of error:

I

{¶ 6} "THE TRIAL COURT ERRED WHEN IT GRANTED PLAINTIFF/APPELLEES' MOTION TO DISQUALIFY ATTORNEY MICHAEL CURRIE."

I

{¶ 7} In River Bend's sole assignment of error, it claims the trial court erred in granting Ravine Run's motion to disqualify Attorney Currie. We disagree.

{¶ 8} Prof.Cond.R. 1.9(a) states: "Unless the former client gives informed consent, confirmed in writing, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." Prof.Cond.R. 1.0(n) defines "substantially related matter" as "one that involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter."

{¶ 9} "The trial court has the inherent authority to supervise members of the bar appearing before it, and this necessarily includes the power to disqualify counsel in specific cases." *Hollis v. Hollis,* 124 Ohio App.3d 481, 484-485 (8th Dist. 1997). A trial court has wide discretion to determine a motion to disqualify counsel. *Id.* at 485. Therefore, we will review a trial court's decision on a motion to disqualify counsel for an abuse of discretion. *155 North High Ltd. v. Cincinnati Ins. Co.,* 72 Ohio St.3d 423, 426 (1995). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that

are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 10} As noted by the trial court, "'disqualification of an attorney is a drastic measure' to be imposed only when the representation violates ethics rules and would result in 'significant risk of trial taint.' *In re McCauley,* 2012-Ohio-4709, ¶¶ 43-46 (5th Dist.)." Judgment Entry filed October 24, 2025.

{¶ 11} The U.S. Court of Appeals for the Sixth Circuit established a three-part test that trial courts should use when determining whether counsel should be disqualified: "(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification." *Dana Corp. v. Blue Cross & Blue Shield Mut.,* 900 F.2d 882, 889 (6th Cir. 1990).

{¶ 12} In the prior litigation concluded some nine years ago, Attorney Currie represented a legal entity named River Run of Powell LLC; this entity was owned in part by CCBI and Cugini. Appellant's Brief at 3. In its motion to disqualify, Ravine Run argued confidential information garnered by Attorney Currie from this prior litigation related to Cugini's finances and his "tolerance for and/or litigation strategies." Motion to Disqualify Counsel filed September 30, 2025. Ravine Run argued Attorney Currie could use this information against Ravine Run in his representation of River Bend.

{¶ 13} The trial court disqualified counsel based on the third prong ("the attorney acquired confidential information from the party seeking disqualification"); the trial court did not address prongs one and two. We can only assume the trial court found prongs one and two applied, otherwise it would have never determined prong three. *Henry Filters, Inc. v. Peabody Barnes, Inc.,* 82 Ohio App.3d 255, 260 (6th Dist. 1992) ("If there is no current or past attorney-client relationship, the motion to disqualify should be denied"). However, we note after finding prongs one and two to apply, prong three is presumed ("'[T]he general rule in disqualification cases has been that, upon proof of a former attorney-client relationship concerning substantially related matters, disclosure of confidences is presumed'"). *Wynveen v, Corsaro,* 2017-Ohio-9170, ¶ 36 (8th Dist.), quoting *Cleveland v. Cleveland Electric Illuminating Co.,* 440 F.Supp. 193, 209 (N.D. Ohio 1976); *accord Kreis v. Dollings,* 2025-Ohio-1329, ¶ 34 (5th Dist.); *Brick v. McCoun,* 2020-Ohio-4371, ¶ 16 (5th Dist.).

{¶ 14} In granting the motion to disqualify Attorney Currie, the trial court stated: "Prior to the complaint being filed, Currie sent Cugini a letter on behalf of Defendant. Currie identified information he learned while representing Cugini's prior company. He argued this information is relevant to arguments for Defendant in this identical dispute against Cugini's current company." October 24, 2025 Judgment Entry at 2. In the letter dated February 13, 2025, specifically addressed to "Paul Cugini," Attorney Currie reminded Cugini of their prior attorney-client relationship and informed Cugini that "I have now been retained by the HOA to address a remarkably similar situation where a developer, with no right to do so, has tied into the private gated infrastructure of an adjoining development." *See* Exhibit A, attached to September 30, 2025 Motion to Disqualify Counsel. Attorney Currie went on to draw parallels between the two cases and encouraged Cugini to contact him to discuss a resolution as "[i]t

seems that this should be relatively straight forward given the positions which you previously advanced" in the prior case. *Id.* Attorney Currie's own letter supports a finding that prong one (attorney-client relationship) and prong two (substantially related subject matter) of the *Dana* test were met. Because these two prongs were met, prong three is presumed:

> Only where an attorney himself represented a client in matters substantially related to those embraced by a subsequent case he wishes to bring against the former client, is he irrebuttably presumed to have benefitted from confidential information relevant to the current case. In such limited situations there is no necessity to demonstrate actual exposure to specific confidences which would benefit the present client.

*Phillips v. Haidet,* 119 Ohio App.3d 322, 325 (3d Dist. 1997).

{¶ 15} Therefore, it can be presumed Cugini and Attorney Currie discussed confidential matters in the prior case and Cugini would not want that information shared with River Bend or be used against him in the current case. *Kreis* at ¶ 35.

{¶ 16} Further, Cugini presented a report by Charles J. Kettlewell, an expert on legal ethics and compliance with the Ohio Rules of Professional Conduct. *See* Exhibit B, attached to September 30, 2025 Motion to Disqualify Counsel. Kettlewell opined "Mr. Currie's representation of River Bend HOA in the present manner is not permitted under the Ohio Rules of Professional Conduct, absent informed consent from CCBI and Cugini." *Id.* River Bend did not contest Kettlewell's expertise.

{¶ 17} We find the trial court properly applied the *Dana* test and we cannot find the trial court's decision to disqualify Attorney Currie was unreasonable, arbitrary, or unconscionable; we do not find the trial court abused its discretion in disqualifying Attorney Currie from representing River Bend in this case.

{¶ 18} The sole assignment of error is denied.

{¶ 19} For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Common Pleas Court is AFFIRMED.

{¶ 20} Costs to Appellant.

By: King, P. J. and

Popham, J. concur.

Gormley, J. concurs separately.


*Gormley, J., concurring in judgment only*

{¶ 21} Had I been the trial judge in this case, I might very well have reached a different outcome. After all, attorney Currie's client in the earlier case — River Run of Powell LLC — is not a party to this case, let alone a party with interests adverse to Currie's current client. In fact, Ravine Run LLC — the entity seeking Currie's disqualification in this case — was never a Currie client and did not come into existence until years after all litigation in that earlier case had ended.

{¶ 22} Even apart from that arguable shortcoming under the first prong of the three-pronged test from *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990) — which the court rightly employs in its analysis today — the second prong, too, arguably tilts in Currie's (and his current client's) favor. After all, can we rightly say that the

subject matter of Currie's work on the earlier case overlaps with his proposed work in this case, given that the earlier case involved a different easement in a different residential subdivision? I have a hard time agreeing that a case about one particular easement is — in the words of the *Dana* decision, 900 F.2d at 889 — "substantially related" to a case involving a different easement in a different place.

{¶ 23} To be sure, there are not-insubstantial countervailing arguments that the party seeking attorney Currie's disqualification makes. Longtime homebuilder Paul Cugini is the president of the corporate party that is adverse to Currie's current client in this case, and Cugini was also the president of the entity represented by Currie in the earlier case. And the two cases arguably are in fact related, given that Ohio Professional Conduct Rule 1.0(n) defines a "[s]ubstantially related matter" as one in which there is a "substantial risk" that "confidential factual information" that would "normally have been obtained" by a lawyer in the prior representation would "materially advance" the position of that lawyer's different client later in a different case.

{¶ 24} As for the *Dana* test's third prong — which asks whether an attorney, in an earlier matter, "acquired confidential information from the party seeking disqualification" (*Dana*, 900 F.2d at 889) — both parties to this case make not-unreasonable arguments on each side of that question, though I acknowledge, as the court notes today, that we presume that confidential information was in fact shared if we find that an attorney in a current case formerly represented a now-adverse client on a substantially related matter. See *Wynveen v. Corsaro*, 2017-Ohio-9170, ¶ 36 (8th Dist.).

{¶ 25} In the end, it is our deferential standard of review that leads me to concur in today's judgment. See *Goebel v. Hopkins*, 2024-Ohio-194, ¶ 15 (12th Dist.) ("An appellate

court reviews a trial court's decision on a motion to disqualify for an abuse of discretion");
*Reo v. Univ. Hosp. Health Sys.*, 2019-Ohio-1411, ¶ 16 (11th Dist.) (same).

{¶ 26} No matter how I might have viewed this case had I been the trial judge, I sit in a different chair today. Because I cannot say that the trial judge's decision to disqualify attorney Currie was unreasonable or arbitrary, I concur in today's judgment affirming that trial-court decision.